IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TENGFANG HUANG             :      **CIVIL ACTION**

      v.                    :      **NO. 26-1800**

U.S. IMMIGRATION AND CUSTOMS    :
ENFORCEMENT (ICE)          :

                                :

## <u>ORDER</u>

**AND NOW,** this 2nd day of April, 2026, upon consideration of TengFang Huang's (Petitioner) Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1), and after a hearing, it is hereby **ORDERED** that the Petition is **GRANTED**. The Government shall immediately discontinue any release conditions beyond those imposed by the Immigration Judge.

**IT IS FURTHER ORDERED** that the Government shall certify compliance with this Court's Order by way of docket entry, no later than April 8, 2026.[1]

BY THE COURT:

GAIL WEILHEIMER, J.

---

[1] In his *pro se* Petition for a Writ of Habeas Corpus, Petitioner challenges ICE's "imposition of [Intensive Supervision Appearance Program (ISAP)] supervision and GPS ankle monitor after [Petitioner's] release on immigration bond." Petition at 2. By way of background, Petitioner was previously detained pursuant to 8 U.S.C. § 1226(a) in the Western District of Pennsylvania. He filed a habeas petition and the district court ordered that he be provided with a bond hearing. *See Tengfang Huang v. Warden, Moshannon Valley Processing Ctr., & Immigration and Customs Enforcement, Respondents*, No. 3:25-CV-423, 2026 WL 679244, at *2 (W.D. Pa. Jan. 9, 2026). After a "custody redetermination pursuant to 8 C.F.R. § 1236[,]" an immigration judge ordered Petitioner be "released from custody under bond of $3,000." Petition, Exhibit B. The only condition listed under "other" was "USC wife/pending I-130[.]" *Id.*

ICE, however, imposed additional release conditions through ISAP. *See id.*, Exhibit E. Petitioner filed this Petition to challenge those conditions. This Court scheduled a hearing and ordered the Government to show cause "as to the legal authority that enables [ICE] to increase bail conditions beyond those set by an immigration judge at a bond hearing." Order, 3/25/2026 (Dkt. 5). The Court also appointed Peter Gaynor, Esq., to assist the Court in analyzing the *pro se* claim in this matter as *amicus* counsel, *see* Order, 3/30/2026 (Dkt. 6), and he has ably discharged his responsibilities.

After the issuance of the Rule to Show Cause and one day prior to the hearing, the Government removed Petitioner's ankle monitor. *See* Notice of Change in Circumstances at ¶ 4 (Dkt. 9). Nevertheless, Petitioner remained in ISAP, with weekly phone check-ins. *See id.* at ¶ 3. His travel restrictions, which ICE imposed unilaterally after the Immigration Judge's ruling, also continued in place. *See id.* at ¶ 5. The morning of the hearing, ICE summoned Petitioner to the ISAP office and asked him to sign a new document agreeing to install the SmartLINK app on his phone. The SmartLINK app reports the status of a phone's cellular data coverage, Wi-Fi connectivity, and location services, and notifies an ISAP case specialist if those services are disabled. *See* ISAP Form, 3/31/2026, Petitioner's Exhibit 1. SmartLINK imposes an additional restriction beyond the Immigration Judge's ruling.

Before considering the merits of the Petition, this Court must first address whether it has power to decide this matter. "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The writ "shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Nonetheless, an "individual need not be incarcerated to be considered in custody for purposes of § 2241." *Kumarasamy v. Att'y Gen. of U.S.*, 453 F.3d 169, 172 (3d Cir. 2006) (citations omitted). For habeas purposes, "a restriction is custodial if it provides for restraints that are '(1) severe, (2) immediate (*i.e.* not speculative), and (3) not shared by the public generally.'" *Piasecki v. Ct. of Common Pleas, Bucks Cnty, Pa.*, 917 F.3d 161, 170 (3d Cir. 2019) (*citing United States v. Ross*, 801 F.3d 374, 379 (3d Cir. 2015)).

Here, Petitioner is currently subject to restrictions not shared by the public generally, so there is no difficulty in determining that the last two prongs are met. Whether the restrictions are severe is a harder question. If the ankle monitor requirement were still in place, this Court would have "no trouble concluding that [Petitioner] remains 'in custody' due to his GPS ankle monitor and other ISAP reporting requirements." *Diahn v. Lowe*, No. 1:24CV1936, 2026 WL 84576, at *3 (M.D. Pa. Jan. 12, 2026) (citations omitted); *see also N- N- v. McShane*, No. CV 25-5494, 2025 WL 3143594, at *2 n.1 (E.D. Pa. Nov. 10, 2025) (Scott, J.) ("The Government does not contest that N- N-'s ankle monitor qualifies as being 'in custody' for purposes of a Section 2241 habeas petition." (citation omitted)).

Nevertheless, this Court is persuaded that the remaining restrictions are severe enough to satisfy the statute's requirement. Previously, the "Supreme Court has found the custody requirement met when a petitioner is on parole, *Jones v. Cunningham*, 371 U.S. 236, 243 (1963), awaiting trial on bail, *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973), or on military reserve status, *Strait v. Laird*, 406 U.S. 341 (1972)." *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 67–

68 (D. Mass. 2025) (cleaned up).  In situations similar to the one currently at issue, courts have found petitioners are in custody when their "release is subject to restrictions that were not in place before [ ] detention, including location monitoring, weekly reporting through a mobile application, and periodic in-person reporting[,]" *Cruz v. Lyons*, No. 5:25-CV-02879-MCS-MBK, 2025 WL 3443146, at *1, *3 (C.D. Cal. Dec. 1, 2025), or when they are "subject to control over where and when [they] can travel, where [they] can reside, with whom [they] can associate, what information [they] may keep confidential, and the type of employment in which [they] can engage[,]" *Ali v. Napolitano*, No. CIV.A. 12-11384-FDS, 2013 WL 3929788, at *4 (D. Mass. July 26, 2013).  *But see J.P. v. Santacruz*, No. 8:25-CV-01640-FWS-JC, 2025 WL 2633198, at *2–*3 (C.D. Cal. Aug. 27, 2025) (holding requirement to "check in virtually on a monthly schedule" and to be at home during those check-ins was insufficient to satisfy the custody requirement because the petitioner was merely challenging *potential* confinement).  Further support for this Court's holding comes from the principle that the "threat of detention upon violation of any condition is another factor that weighs in favor of a conclusion the petitioner is in custody under § 2241." *da Silva v. LaForge*, No. 25CV17095 (EP), 2026 WL 45165, at *2 (D.N.J. Jan. 7, 2026) (citation omitted); *see also Orellana Juarez*, 788 F. Supp. 3d at 68 (noting a petitioner "lives in reasonable fear that a violation may result in physical detention, and ultimately trigger removal proceedings against him").

Finally, this Court is concerned about the possibility of gamesmanship.  Petitioner's ankle monitor was removed only after the show cause hearing was scheduled.  If removing the ankle monitor is enough to put this matter beyond the reach of the writ of habeas corpus, the Government could engage in motte-and-bailey tactics that would allow significant restrictions to remain in place, while leaving Petitioner without recourse to challenge them in court.

Turning at last to the merits of the Petition, the Court observes that the Government's arguments in this case are consistent with arguments already rejected in this District.  *See N- N-*, 2025 WL 3143594, at *3.  This Court is unpersuaded as well.  For the reasons given in *N- N-*, this Court likewise holds that the additional post-release conditions imposed on Petitioner, not found in the Immigration Judge's order, were unlawful.  *See id.* at *2–*4; *see also Orellana Juarez*, 788 F. Supp. 3d at 68–70.